UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTYOM AKULYAN, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-02986-SPG-SSC<br><br>**ORDER DENYING MOTION TO REMAND CASE TO BURBANK COURTHOUSE [ECF NO. 21]** |

Before the Court is the Motion to Remand Case to Burbank Courthouse (ECF No. 21 ("Motion")) filed by Plaintiff Artyom Akulyan ("Plaintiff"). The Court has read and considered the matters raised with respect to the Motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

**I.　BACKGROUND**

The following facts are taken from Plaintiff's complaint. *See* (ECF No. 1-2 ("Compl.")). On May 16, 2022, Plaintiff purchased a 2022 Mercedes Benz E350, Vehicle Identification Number W1KZF8DB9NB067049 (the "Vehicle"), for which Defendant Mercedes-Benz USA, LLC ("Defendant") provided an express warranty for a period of 48 months. (*Id.* ¶¶ 2, 12). Beginning on March 14, 2023, Plaintiff experienced issues with

the vehicle that made it "unsafe for [Plaintiff] and others on the road." (*Id.* ¶ 12). These issues persisted through at least August 31, 2024. (*Id.*).

On October 28, 2024, Plaintiff filed this action in California Superior Court for the County of Los Angeles, alleging violations of the Consumers' Legal Remedies Act, the Song-Beverly Consumer Warranty Act, and California Business and Professions Code § 17200 *et seq. See* (*id.* at 1). Plaintiff seeks general, incidental, consequential, and punitive damages, rescission of the purchase contract, restitution, equitable and injunction relief, prejudgment interest, and attorney's fees. (*Id.* at 11–12).

Defendant removed this action to this Court on April 4, 2025. (ECF No. 1 ("Notice of Removal")). On May 3, 2025, Plaintiff filed the First Motion to Remand Case, (ECF No. 13), which the Court struck without prejudice for failure to include a statement of conferral or a hearing date as required by the Local Rules and the Court's Standing Order. (ECF No. 15 (citing C.D. Cal L.R. 7-3, 7-4; ECF No. 10 (" Order"))). On May 23, 2025, Plaintiff filed the Second Motion to Remand Case, (ECF No. 16), which the Court denied without prejudice for failure to again include a statement of conferral in accordance with L.R. 7-3. (ECF No. 20). Plaintiff filed this instant Motion to Remand on July 15, 2025. (Mot.). Defendant filed its opposition on August 6, 2025. (ECF No. 24 (Opp.)). Plaintiff has not filed a Reply.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing only "power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

In determining the amount in controversy, "the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint." *Gomez v. Nissan N. Am., Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025). The removing defendant bears the burden of establishing federal jurisdiction, and need only include a "short and plain statement" that sets forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co, LLC. v. Owens*, 574 U.S. 81, 87, 89 (2014); *see also United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) ("The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."). On a motion to remand, the removing defendant must prove that the amount in controversy "exceeds the jurisdictional threshold by a preponderance of the evidence" "with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

### III. DISCUSSION

#### A. Compliance with Local Rules

As an initial matter, Defendant requests the Court deny Plaintiff's Motion solely based on Plaintiff's alleged noncompliance with Local Rule 7-3. (Opp. at 6). The Court declines to deny the Motion on this basis.

Local Rule 7-3 requires that, before filing any motion, the moving party must meet-and-confer at least seven calendar days before filing a motion to "discuss thoroughly" the "substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Local Rule 7-3 also provides that "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." The Court's Standing Order for Civil Cases requires that the parties must meet and confer in person or through videoconference. (Standing Order at 10).

Here, as Defendant points out, the parties exchanged email communications about settlement instead of holding discussions in person or through videoconference.

(Opp. at 6). Email communications are not an appropriate substitute for the in person, telephone, or video conference mandated by Local Rule 7-3 and the Court's Standing Order. Also, Plaintiff's Motion is not accompanied by an attorney declaration signed under penalty of perjury setting forth the dates of the conference and each party's position on the disputed issues. (Opp. at 6); *see* (Mot.). However, because it does not appear that Defendant has been prejudiced by the Motion's deficiencies and in the interest of resolving the matters set forth in the Motion, the Court has exercised its discretion to consider the Motion notwithstanding its deficiencies. Both parties are cautioned that failure to comply with the Local Rules and the Court's Standing Orders in the future may result in the imposition of sanctions, including denial of a motion. *See* L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.").

### B.  Subject Matter Jurisdiction

The parties do not dispute that Defendant's Notice of Removal was timely, nor do they dispute that there is diversity of citizenship. Plaintiff is domiciled in California, and thus is a California citizen. (Notice of Removal ¶¶ 20, 23). Defendant is a limited liability company formed in Delaware, with a principal place of business in Michigan, and is a citizen of those two states. (*Id.* ¶¶ 22, 23). The crux of the parties' dispute—and this Court's analysis—is whether the amount in controversy of Plaintiff's claims exceeds $75,000.00.

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)) (internal quotations omitted). When assessing the amount in controversy, a court "may consider [the] allegations in the complaint and in the notice of removal, as well as [relevant] summary-judgment-type evidence." *Chavez v. JP Morgan Chase & Co.*, 888 F. 3d 413, 416 (9th Cir. 2018). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91. "Under this burden, the [removing] defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The Complaint does not specify the amount in controversy, nor is the amount in controversy obvious from the face of the complaint. *See* (Compl.). In fact, Plaintiff submits in the Motion that "Plaintiff does not allege any specific amount in the complaint," and "[t]he Prayer section also does not include any damages estimate at all." (Mot. at 4). Plaintiff only provides that damages will be determined "according to proof at trial." (Compl. ¶¶ 56, 58).

Defendant asserts, however, that the amount in controversy is "at least $139,646.55," which it calculates by adding (1) actual damages, as determined by the total amount Plaintiff would have paid for the Vehicle; (2) civil penalties under the Song-Beverly Act; (3) attorney's fees; and (4) punitive damages under the Consumers' Legal Remedies Act. (Notice of Removal ¶¶ 10–19); (Opp. at 11). The Court addresses each of the arguments in turn.

### 1. Actual Damages

Defendant calculates that Plaintiff's actual damages are $44,226.60 based on "the total consideration over the term of the contract for the [] Vehicle."[1] (Notice of

---

[1] Defendant's breakdown is as follows: ($5,000 down payment) + (monthly payments of $1,074.84 x 5 = $4,299.40) + (monthly payments of $1,247.40 x 28 = $34,927.20) = $44,226.60. (Notice of Removal at 5). The Court notes that Defendant's calculation in its Opposition Brief is different from the Notice of Removal. Defendant's Notice of Removal included a calculation error (monthly payments of $1,074.84 x 5 erroneously calculated as $4,299.40), and included 28 monthly payments, whereas the Opposition Brief included 29 monthly payments. *Cf.* (Notice of Removal ¶ 14); (Opp. at 7–8). Because Plaintiff responded to the figure calculated in the Notice of Removal, for the purposes of this Motion, the Court will use the amount in controversy calculated in the Notice of Removal. However, using the amount calculated in the Opposition Brief does not affect the analysis.

Removal ¶¶ 14–19); *see* (Opp. at 7–8). Plaintiff disputes this figure, arguing that "Defendant cannot merely point to the Retail Installment Sales Contract price to establish the amount of damages in controversy," and that Defendant did not account for a "milage offset." (Mot. at 5).

Under the Song-Beverly Act, if a vehicle manufacturer is unable to "conform [the vehicle] to the applicable express warranties after a reasonable number of attempts," the manufacturer must either "promptly replace the new motor vehicle" or "promptly make restitution to the buyer." Cal. Civ. Code § 1793.2(d). Restitution is calculated by the "amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges." *Id.* § 1793.2(d)(2)(B).

However, "[w]hen restitution is made pursuant to subparagraph (B), the amount to be paid by the manufacturer to the buyer *may* be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." *Id.* § 1793.2(d)(2)(C) (emphasis added). This deduction is commonly referred to as the "milage offset," and is determined by "actual price of the new vehicle paid or payable by the buyer multiplied by a fraction composed of a denominator of 120,000 and a numerator of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle for repair." *Gomez*, 2025 WL 26368, at *5.

Though the Ninth Circuit has held in an unpublished opinion that it was "appropriate" to consider the milage offset to measure the difference between the value of a vehicle and the value a buyer received, *see Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018), district courts in this Circuit remain split as to whether the milage offset should be considered for determining the amount in controversy, and if so, how Plaintiff should assert the milage offset. *See Selinger v. Ford Motor Co.*, No. 2:22-

-6-

cv-08883-SPG-KS, 2023 WL 2813510, at *6–*8 (C.D. Cal. Apr. 5, 2023) (collecting cases). Some courts have held that "[m]ilage-offsets and vehicle-value reductions are not appropriate for consideration for amount-in-controversy purposes," partially because Cal. Civ. Code § 1793.2(d)(2)(B) measures restitution by "the actual price paid or payable by the buyer." *Nicole Tucker, et al. v. FCA US LLC, et al.*, No. 21-cv-2908-GW-MAA, 2021 WL 3733243, *3 (C.D. Cal. Aug. 23, 2021). Other courts have looked to a plaintiff's complaint and declined to apply the milage offset when the complaint lacks allegations regarding such mileage deductions. *E.g. Cruz v. Mercedes-Benz USA, LLC*, No. 5:21-cv-00809-JGB-SHK, 2021 WL 2634819, at *2 (C.D. Cal. June 25, 2021) ("Plaintiff is incorrect that Defendant has not sufficiently demonstrated the amount in controversy because Defendant has not shown how many miles Plaintiff drove before Plaintiff's car broke down . . . Plaintiff's assertion on the face of the Complaint that he is entitled to recover the entire value of his lease leads to a reasonable inference on the part of Defendant that Plaintiff did not drive any miles before the car broke down."). Still others require a defendant to present evidence regarding the milage offset when the amount in controversy is in dispute. *E.g. Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK-RAO, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019) (remanding where the defendant provided only the manufacturer's suggested retail price ("MSRP"), explaining that this does not reflect "the actual agreed-upon sale amount," as there was "no indication as to whether Plaintiff paid in full or agreed to financing, and if so, how many payments were made," or how many miles the plaintiff drove).

Based on other Ninth Circuit caselaw discussing the amount in controversy requirement, this Court agrees with the courts that have held a removing defendant is not obligated to present evidence regarding the mileage offset to establish the amount in controversy requirement for claims arising under the Song Beverly Act. *See Chavez*, 888 F.3d at 417 ("[T]he amount in controversy is not a prospective assessment of [a] defendant's liability . . . Rather, it is the amount at stake in the underlying litigation . . . whatever the likelihood [of success on the merits]"). The amount in controversy reflects

"the maximum recovery the plaintiff could reasonably recover" as determined at the time of removal. *Arias*, 936 F.3d at 927 (citing *Chavez*, 888 F.3d at 417) (emphasis in original). Therefore, the amount-in-controversy should include "any result of the litigation, excluding interests and costs, that entails a payment by the defendant," including "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees." *Fritsch*, 899 F.3d at 793 (citations and internal quotations omitted).

Here, Plaintiff alleges that Defendant "is in violation of the implied warranty of merchantability" and seeks "damages and other legal and equitable relief, including, but not limited to, *all* incidental, consequential and general damages resulting from [Defendant's] failure to comply with its obligations under Song-Beverly." (Compl. ¶¶ 35, 37) (emphasis added). Plaintiff also seeks "restitution of all monies expended." (*Id.* ¶ 57). To support these allegations, Plaintiff included certain terms of the Vehicle Purchase Agreement, including (1) a $5,000.00 down payment; (2) $1,074.85 in monthly payments starting on June 30, 2022; and (3) $1,247.40 in monthly payments starting on November 13, 2022. (*Id.* ¶ 12). Defendant reasonably calculated the total actual damages at the time of removal to be about $44,226.60. (Notice of Removal ¶ 14). As the Court is concerned with the "maximum recovery" that Plaintiff can reasonably recover in this action, the Court does not deduct the mileage offset and finds that actual damages for the purpose of determining the amount in controversy is $44,226.60. *Arias*, 936 F.3d at 927.

### 2. Civil Penalties

Plaintiff argues remand is appropriate because Defendant's estimate of the amount in controversy is speculative, as it relies primarily on the fact that the Complaint seeks civil penalty damages under the Song-Beverly Act. (Mot. at 5–6). Specifically, Plaintiff argues that, although the Song-Beverly Act permits up to two times the amount of actual damages as a civil penalty, Defendant "has offered no evidence that Plaintiff will receive the maximum amount of civil penalties, or any penalties at all. Instead, Defendant merely assumes a civil penalty award." (*Id.* at 5). Defendant responds that, because the complaint seeks civil penalty damages and alleges Defendant acted willfully, civil penalties under the

-8-

Song-Beverly Act are "at stake" and should be included. (Opp. at 10–11). The Court agrees with Defendant.

California Civil Code § 1794(c) provides that the buyer of a defective consumer good may receive a civil penalty "not [to] exceed two times the amount of actual damages" if the buyer establishes that the failure to comply was "willful." Courts in this district are split on whether the maximum civil penalty may be considered for an amount in controversy. *See Gomez*, 2025 WL 26368, *5–*6 (C.D. Cal. Jan. 3, 2025) (citing cases) (declining to consider civil penalties because Defendant's "[p]ointing to Plaintiff's conclusory assertion that Defendant's violation of the Song-Beverly Act was willful, without pointing to a single factual allegation in support of that conclusion," does not meet the preponderance of the evidence standard); *Brooks v. Ford Motor Co.*, No. 20-cv-302-DSF-KK, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) (considering civil penalties in amount in controversy calculation on motion to remand even when defendant did not offer evidence of willful failure to comply with the Song-Beverly Act, finding it sufficient that "Plaintiff alleged an intentional failure to comply and sought the civil penalty"); *see also Verastegui v. Ford Motor Co.*, No. 19-cv-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020) (considering civil penalties in the amount in controversy calculation as "that is what Plaintiff put in controversy").

Here, the Complaint alleges that Defendant intentionally "engage[d] in [] unlawful conduct, and "intended to, and did encourage, facilitate, or assist in the commission of the unlawful acts." (Compl. ¶ 8). Specifically, the Complaint alleges that Defendant "fail[ed] to comply with its obligations under Song-Beverly" by violating the implied warranty of merchantability. (*Id.* ¶ 35). As courts are directed to consider "the maximum recovery the plaintiff could reasonably recover," the Court concludes that civil penalties should be considered in the amount in controversy calculation. *See Arias*, 936 F.3d at 927. Moreover, because "Defendant is not required to prove the case against itself," requiring Defendant to put forth evidence of its willful failure to comply with the Song-Beverly Act is inherently contradictory, particularly when Defendant will deny the allegation

altogether. *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB-JCX, 2021 WL 2285102, at *2–*3 (C.D. Cal. June 4, 2021). Therefore, the Court finds that Defendant has shown, by a preponderance of the evidence, that a civil penalty of up to two-times the vehicle price can be considered in determining whether the amount-in-controversy requirement has been met. Combined with actual damages of $44,226.60, the addition of $88,453.20 readily meets the amount in controversy for purposes of this Motion.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

DATED:   September 4, 2025

_____
SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds the amount in controversy has been met, it need not address whether attorney's fees and damages should be included in the calculation for amount in controversy.

-10-